KENTNUR DEVELOPMENT CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kentnur Dev. Co. v. Commissioner
Docket No. 4293-86.
United States Tax Court
T.C. Memo 1988-246; 1988 Tax Ct. Memo LEXIS 274; 55 T.C.M. (CCH) 1022; T.C.M. (RIA) 88246; June 2, 1988. John R. Serpico, for the petitioner. Gerald A. Thorpe and Nancy Walker-Johnson, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 8,270 in petitioner's Federal income tax for the taxable year 1981 and an addition to tax for fraud of $ 9,684 under section 6653(b). [1] The sole issue for decision is whether petitioner is liable for the aforesaid addition to tax. [1]
*275 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner is a real estate holding company organized and existing under the laws of the State of New York. At the time the petition herein was filed, petitioner's principal place of business was in Holmes, New York. Its books and records for income tax purposes were kept on a cash basis. During 1981, one Manlio Severino (hereinafter Severino) was the vice president and general manager of petitioner, owned equally by Severino's two children. As much, Severino exercised complete control over all aspects of petitioner's business. Severino is a graduate of Columbia University School of Law and engaged in the practice of the law in New York from 1949 to 1967. Petitioner's 1981 Federal income tax return was due on March 15, 1982. On or about March 5,1982, petitioner's accountant forwarded to petitioner for signature and filing a United States Corporation Income Tax Return (Form 1120) for 1981 prepared on a cash basis which showed a tax liability of $ 19,368, of which $ 10,716 had been paid on account of estimated taxes, and showing a balance due of $ 8,652 in tax and $ 427 which apparently *276 represented an additional amount attributable to underpayment of estimated taxes. The return showed a taxable income of $ 81,545 after deducting $ 57,632 in real estate taxes and $ 10,838 in New York State franchise taxes paid by petitioner during 1981. Petitioner paid the $ 9,079 unpaid balance due on March 15, 1982, but respondent has no record of having received a United States Corporation Income Tax Return for 1981 from or on behalf of petitioner prior to January 15, 1983. The parties agree that the aforementioned Form 1120 reflects petitioner's correct income tax liability for 1981. On October 15,1982, respondent inquired by letter as to the whereabouts of petitioner's 1981 return. On January 11, 1983, respondent sent petitioner a letter scheduling a meeting on January 24, 1983, to discuss the question of petitioner's 1981 return. On January 15, 1983, petitioner filed a copy of Form 1120 for 1981 with respondent, which had been executed by Severino as vice president of petitioner on January 7, 1983. That return was filled in by hand as contrasted with the computerized return prepared by petitioner's accountant and did not reflect the accountant's signature as preparer. *277 It showed taxable income of $ 56,159, after deducting $ 83,068 real estate taxes and New York State franchise taxes of $ 10,788 on an accrual basis, a tax liability of $ 11,098, estimated tax payments of $ 19,795, and an overpayment of $ 8,747. On January 24, 1983, a meeting was held involving the audit of Kent Nursing Home in which petitioner was closely connected. On January 28, 1983, petitioner filed with respondent a copy of Form 1120 for 1981 prepared and submitted to petitioner by its accountant. Said return was signed by Severino as vice president of petitioner on January 25, 1983, and contained the accountant's name but not signature as preparer. On or about February 3, 1983, a refund check in the amount of $ 8,697 was issued to petitioner. Said refund check was not cashed but was returned by petitioner to respondent on or about February 21, 1983, and credited by respondent to petitioner's account. Respondent issued his deficiency notice on November 22, 1985. OPINION At the onset, we are confronted with petitioner's contention that there is no deficiency herein because all of the taxes due were paid on or prior to the due date of the filing of the 1981 return, *278 which petitioner claims was in fact filed on or before March 15, 1982. We disagree. Initially, we note that, where no timely return is filed or where such a return is filed but is inaccurate, the late filing of a correct return does not preclude the determination of a deficiency under section 6211 for the purpose of issuing a notice of deficiency under section 6212, even though it is ultimately concluded that petitioner owes no tax. "[I]t is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." emphasis in original). See also , affg. per curiam a Memorandum Opinion of this Court; . Nor does the late filing of a correct return and the payment of the tax shown to be due thereon preclude the respondent from determining the addition to tax for fraud. . In the instant case, it is far from clear that petitioner filed a timely *279 1981 return on or before March 15, 1982. The copy of the return which petitioner filed with respondent on January 15, 1983, was signed and dated by Severino at about that time and can be construed as being a copy of the return claimed to have been filed in March 1982 only because it was the first return filed by petitioner in response to respondent's request for a copy of the return as filed. In this latter context, petitioner contends that the filing of the copy of the return was a mistake and that the copy of the return filed on January 28, 1983, was the correct copy of the return filed in March 1982 and showed that there was no deficiency within the meaning of section 6211. But this January 28, 1983, copy also is defective as evidence of the return claimed to have been filed in March 1982 since it bears Severino's signature with a date of January 25, 1983. Finally, we note that the fact that, on or about March 15, 1982, petitioner timely paid the balance of the tax shown to be due on the return prepared by the accountant, which the parties have stipulated correctly reflected petitioner's tax liability or otherwise relieve petitioner of the consequences of a failure to file. *280 Cf. , affd. on this issue . The long and the short of the matter is that we are not persuaded that petitioner timely filed its 1982 return. As a consequence, even if we assume that Severino made a mistake when he first furnished respondent with a copy of a return, the filings on January 15 and January 28, 1983, represent nothing more than original and/or amended returns. The fact that petitioner made payments of estimated taxes and a timely payment of the balance of tax due are not elements which can be taken into account in determining the deficiency. The deficiency is determined by the difference between the correct liability and the amount shown on a timely filed return; if there is no such return, the latter amount is zero. Under the foregoing circumstances, there was clearly a deficiency within the meaning of section 6211, , and our jurisdiction is established. We now turn to the question whether respondent's determination of an addition to tax for fraud under section 6653(b) should be sustained. Respondent *281 has the burden of proving fraud by clear and convincing evidence; it is never imputed or presumed, and its existence is a question of fact based upon the evidence of record. . While we were unable to take into account amounts of taxes which petitioner paid for purposes of determining the deficiency and thus for the purpose of determining the amount to which an addition to fraud would attach, we may take them into account for the purpose of determining fraud. [2] Here the petitioner in fact paid its entire tax liability prior to the due date of its 1981 return. To be sure, the fact that Severino prepared an incorrect return and filed it with respondent in response to a request for a copy of the return as filed indicates that petitioner was seeking to obtain a refund to which it was not entitled. But that fact does not constitute clear and convincing evidence of fraud particularly in light of the fact that the petitioner never cashed the refund check and promptly returned it to respondent Moreover, since petitioner paid its 1981 tax liability in full on or before March 15, 1982, the Government did not in any *282 way lose the use of principal. In this connection, we note that it has long been established that the purpose of the addition to tax for fraud is primarily as a safeguard to protect the revenue and to reimburse the Government for any loss from the taxpayer's fraud. See ; , affd. without published opinion . Under the circumstances herein, we fail to see how the Government suffered any loss at the hands of petitioner. We hold that respondent has failed to carry his burden of proof with respect to the addition to tax under section 6653(b). Decision will be entered for the petitioner.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. See . ↩